IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CODY LEE FULGHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:17-CV-223-WKW |
| | ) (WO) |
| | ) |
| JUDGE BENJAMIN LEWIS, | ) |
| | ) |
| Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the court on a 28 U.S.C. § 1361 petition for writ of mandamus filed by Cory Lee Fulgham, a pre-trial detainee, in which he challenges the constitutionality of his confinement on numerous criminal charges for possession of obscene matter pending against him before the District Court of Houston County, Alabama.

### II. DISCUSSION

Fulgham seeks issuance of a writ of mandamus commanding Judge Benjamin Lewis to (i) grant him a hearing to reconsider his release on bail, (ii) appoint new counsel to represent him on the pending criminal charges, and (iii) consolidate the pending criminal charges into a single unit of prosecution.[1]  Doc. No. 1 at 2.  He also seeks monetary damages from Judge Lewis.

---

[1] Fulgham bases this last request for mandamus relief on the opinion issued in *Girard v. State*, 883 So. 2d 714, 717 (Al.Cr.App. 2002), in which the court held that "[t]he act rendered illegal by the statute—the possession of any

## A. Request for Mandamus Relief

The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well-settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state court officials in the performance of their duties when mandamus is the relief sought. *Johnson v. Georgia*, 661 F. App'x 578 (11th Cir. 2016) (holding that "district court concluded correctly that it lacked jurisdiction to issue a writ of mandamus to direct the Spalding County Trial Court in the performance of the state court's duties."); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue

---

obscene matter, even if the possession is of multiple pieces of obscene matter—is simultaneous and inseperable. . . . Thus the unit of prosecution is the simultaneous possession of a collection of obscene material . . . [and] but one possession." Fulgham's reliance on *Girard*, however, is misplaced because its holding is not applicable to Fulgham's criminal cases. Specifically, "in 2006, the Alabama Legislature amended § 13A-12-190, Ala.Code 1975, by, among other things, adding subsection (16), which provides that '[t]he depiction of an individual less than 17 years of age that violates this division [which includes § 13A-12-192] shall constitute a separate offense for each single visual depiction.' Thus, the legislature has now, unlike when this Court decided *Girard* in 2002, clearly spoken to the issue of the proper unit of prosecution, and determined that each individual depiction, i.e., each image and/or each video, constitutes a separate offense of possession of obscene matter. This amendment has superseded this Court's holding in *Girard* regarding the proper unit of prosecution[.]" *C.B.D. v. State*, 90 So. 3d 227, 248 (Al.Cr.App. 2011).

2

writs of mandamus to direct state courts and their judicial officers in the performance of their duties[.]"); *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988) ("The federal courts have no general power to compel action by state officials" and when a plaintiff "expressly [seeks] relief in the nature of mandamus" a federal court lacks jurisdiction to grant such relief.); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (holding that federal circuit court lacked jurisdiction to issue writ of mandamus to state court from which petitioner sought relief).

> The Supreme Court has explained that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *accord Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). "[T]he writ has traditionally been used in the federal courts only . . . to compel it to exercise its authority when it is its duty to do so." *Kerr*, 426 U.S. at 402, 96 S.Ct. 2119 (quotation marks omitted). . . . Issuance of the writ is largely a matter of discretion with the court to which the petition is addressed. *See Schlagenhauf v. Holder*, 379 U.S. 104, 112 n. 8, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

*In re Amy Unknown*, 701 F.3d 749, 757 (5th Cir. 2012).

It is clear from the foregoing that this court has no mandamus jurisdiction over the Houston County District Court or Judge Benjamin Lewis and, hence, lacks authority to grant the mandamus relief requested by Fulgham.

### B. Request for Monetary Damages

Insofar as Fulgham seeks monetary damages from Judge Lewis, he is likewise entitled to no relief. All of the allegations lodged against Judge Lewis emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well settled that a state judge is absolutely

immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988*); Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). In light of the foregoing, Fulgham's claims for monetary damages against Judge Lewis are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent Fulgham seeks issuance of mandamus relief against Judge Benjamin Lewis, the petition for writ of mandamus be DENIED.

2. With respect to Fulgham's request for monetary damages from Judge Benjamin Lewis for actions undertaken in pending state criminal cases, this request be DISMISSED with prejudice.

3. This case be DISMISSED with prejudice.

It is further ORDERED that on or before May 16, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues

covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE